4:26-cv-00042-FJG

RECEIVED
2026 JAN 16 PM 2:27
CLERK U.S. DIST. COURT
WEST DIST. OF MO
KANSAS CITY, MO

## CIVIL RIGHTS COMPLAINT (42 U.S.C. § 1983)
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

WILLIAM J. BECKER,
   Plaintiff,
v.
CITY OF SMITHVILLE, MISSOURI;
JACK HENDRIX, in his individual and official capacities;
CHUCK SOULES, in his individual and official capacities;
JIM WADDLE, in his individual and official capacities;
   Defendants.

## JURY DEMAND

1. This civil rights action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of Plaintiff's rights to procedural due process and equal protection under the Fourteenth Amendment.

2. Plaintiff alleges Defendants arbitrarily and selectively enforced development and sidewalk regulations against him while declining to enforce similar regulations against other similarly situated property owners and businesses within the City of Smithville.

3. Plaintiff further alleges the City denied his March 2023 driveway permit application based on a purported '30-foot total driveway width' rule that lacked ordinance authority and continued enforcement thereafter.

4. Plaintiff seeks declaratory, injunctive, compensatory, nominal, and punitive damages and attorney's fees under 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

5. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

7. Venue is proper because the events giving rise to this action occurred in Clay County, Missouri, within this District and Division.

## PARTIES

8. Plaintiff William J. Becker is a resident of Smithville, Missouri and owns property located at 1406 Second Creek Road in Smithville.

9. Defendant City of Smithville, Missouri is a municipal corporation organized under the laws of the State of Missouri.

10. Defendant Jack Hendrix was at all relevant times an official of the City's development department and acted under color of state law; he is sued in his individual and official capacities.

11. Defendant Chuck Soules was at all relevant times an official of the City's development department and acted under color of state law; he is sued in his individual and official capacities.

12. Defendant Jim Waddle was at all relevant times an official of the City's development department and acted under color of state law; he is sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

13. From approximately 2012 through 2019, Plaintiff served on the City's Planning and Zoning Commission and Economic Development Commission.

14. In 2015, Plaintiff was recognized as 'Citizen of the Year' by City officials.

15. In 2018–2019, the City developed downtown streetscape plans affecting sidewalks, parking, and pedestrian access.

16. Plaintiff publicly opposed portions of the streetscape design during that period, including proposals reducing parking and business access.

17. Following such opposition, Plaintiff alleges City officials began treating him adversely and enforcing rules differently against him.

18. In March 2023, Plaintiff applied for a residential driveway permit for property zoned A-1 Agricultural.

19. The City denied the permit application based on a purported '30-foot total driveway width per parcel' rule.

20. Plaintiff alleges the rule cited lacked ordinance authority and that no supporting code was identified when requested.

21. After denial, Plaintiff installed the driveway without a permit in March 2023.

22. The City continued enforcement activities concerning the driveway despite lacking identified ordinance support.

23. Plaintiff further alleges that downtown businesses maintain sidewalk furniture, signage, merchandise, seating, planters, and materials on sidewalks and adjacent alleys without citations or enforcement.

24. Plaintiff alleges these businesses are similarly situated comparators treated more favorably.

25. Plaintiff alleges Defendants acted under color of state law at all relevant times.

## COUNT I – PROCEDURAL DUE PROCESS

26. Plaintiff incorporates the preceding paragraphs.

27. Defendants deprived Plaintiff of a protected property interest by denying his driveway permit and undertaking enforcement actions without identified ordinance authority or procedural safeguards.

28. Defendants failed to provide adequate notice, hearing opportunities, or procedures required by due process.

29. Defendants' conduct was arbitrary and capricious and proximately caused Plaintiff harm.

## COUNT II – EQUAL PROTECTION (SELECTIVE ENFORCEMENT)

30. Plaintiff incorporates the preceding paragraphs.

31. Defendants enforced development and sidewalk rules against Plaintiff while declining to enforce similar rules against similarly situated downtown businesses and property owners.

32. The selective enforcement lacked a rational basis and was motivated by animus, arbitrary motive, or punitive intent.

33. Plaintiff was damaged as a direct and proximate result.

## PRAYER FOR RELIEF

34. Plaintiff respectfully requests declaratory relief, injunctive relief, nominal damages, compensatory damages, punitive damages against individual Defendants, attorney's fees and costs under 42 U.S.C. § 1988, and such other relief as the Court deems just.

## JURY DEMAND

35. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

WILLIAM J. BECKER
Pro Se Plaintiff
1406 Second Creek Rd
Smithville, MO 64089
(816) 916-8970
jbecker115@gmail.com